IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 10, 2008

Charles R. Fulbruge III
Clerk

No. 07-31047
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOHNNY M. JACOBS,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
No. 5:07-CR-50020-2

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Johnny Jacobs appeals the sentence imposed following his guilty plea conviction of conspiracy to make and pass counterfeit Federal Reserve notes. He

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

argues that the district court miscalculated his sentencing guideline range in relying on U.S.S.G. § 2B5.1 rather than § 2B1.1 to determine the base offense level. He contends that his scheme involved a mere alteration of instruments and not counterfeiting, which requires making or manufacturing the instrument in its entirety. He reasons that § 2B5.1 applies only to counterfeiting offenses. He acknowledges that this court has not addressed the issue.

The government responds that, even if § 2B5.1 was improperly applied, the court could have increased's Jacob's offense level, because the offense involved sophisticated means. The application of the sophisticated-means enhancement would require a factual determination, because this court cannot make the initial determination of the enhancement's application. See United States v. Hooten, 942 F.2d 878, 882 (5th Cir. 1991).

Under the advisory sentencing guidelines, we review sentences for reasonableness in light of the considerations in 18 U.S.C. § 3553(a). See United States v. Mares, 402 F.3d 511, 518-19 (5th Cir. 2005). Reasonableness review entails an abuse-of-discretion standard that applies regardless of whether the sentence imposed is inside the guideline range. See Gall v. United States, 128 S. Ct. 586, 594 (2007).

In Gall, the Court set out a bifurcated process for reasonableness review. See United States v. Cisneros-Gutierrez, 517 F.3d 751, 764 (5th Cir. 2008). First, the appellate court must ensure that the sentencing court committed no significant procedural error, such as "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentenceSSincluding an explanation for any deviation from the Guidelines range." Gall, 128 S. Ct. at 597. If the district court's decision is procedurally sound, "the appellate court should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." Id.

Although this court has not decided whether § 2B1.1 or § 2B5.1 applies where an offense involves reprinting higher denominations on bills that have been bleached, it is not necessary to resolve that in this case. In United States v. Bonilla, 524 F.3d 647, 655-57 (5th Cir. 2008), a post-Gall case, this court determined that the district court had erred in applying the guidelines, but it decided that "[n]ot all errors in determining a defendant's guideline sentence require reversal." We affirmed on the ground that "because the district court imposed an alternative non-guideline sentence, the advisory sentence did not result from the guideline error and we need not vacate the sentence on that basis." Id. at 659.

The district court made it obvious that it would have imposed the same sentence even if § 2B1.1 were applicable. The court's comments reflect that, like the district court in Bonilla, it imposed an alternative non-guideline sentence. Thus, even if there were an error in the application of the guidelines, it does not require reversal.

Jacobs further argues that the sentence is unreasonable because the district court gave inappropriate weight to only one factor, his prior violent conduct, which he contends was an unsupported finding. After reviewing Jacobs's criminal history, the court noted that he was a "very violent man" and "a danger to other people." The court further stated, however, that it had reviewed the § 3553(a) factors and had determined that the thirty-month sentence met the interest of justice.

The sentence imposed does not reflect an abuse of discretion and is reasonable. See Gall, 128 S. Ct. at 597. The judgment is AFFIRMED.